UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINALD MIDDLETON and
VERITASEUM, LLC,

                Plaintiffs,

- against -

T-MOBILE US, INC.,

                Defendant.

No: 1:20-cv-03276 NGG-RLM

# DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

John M. Magliery
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: (212) 489-8230
Fax: (212) 489-8340

Stephen M. Rummage (*pro hac vice*)
Rose McCarty (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 757-8136
Fax: (206) 757-7700

James H. Moon (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6819
Fax: (213) 633-6899

*Attorneys for Defendant T-Mobile US, Inc.*

## I.     INTRODUCTION

Plaintiffs had a full and fair opportunity to challenge the 16 signed arbitration agreements produced by T-Mobile in support of its Motion to Compel Arbitration. The parties submitted six briefs regarding Plaintiffs' assent to arbitration. (ECF Nos. 20, 21, 22, 30, 31, 32.) In between the rounds of briefing, the Court allowed Plaintiffs to take discovery on "factual question of contract formation." (9/23/21 ECF Entry.) The Court ultimately issued a 19-page order, ECF No. 35 (the "Order"), explaining that the signed agreements provided reasonable notice of the arbitration requirement. Plaintiffs' dilatory Motion for Reconsideration, ECF No. 36 (the "Motion") merely rehashes the same arguments considered and rejected by the Court without identifying any law or fact the Court overlooked. It should be denied.

## II.     ARGUMENT

### A.     Plaintiffs' Motion Is Untimely.

The Court entered its Order compelling arbitration and staying the action on August 24, 2022. Plaintiffs failed to file a motion for reconsideration within 14 days as required under Local Rule 6.3. To avoid that deadline, Plaintiffs purport to bring their Motion under Federal Rule of Civil Procedure 59(e) to "alter or amend a judgment" but there is no judgment to alter or amend, and the Motion was not filed by the September 21 deadline for such motions, i.e., "28 days after the entry of judgment." Plaintiffs' Motion should be denied as untimely. *See Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004).

### B.     Plaintiffs Provide No Basis for Reconsideration.

On the merits, Plaintiffs' Motion does not meet the "strict" standard for reconsideration. *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is an extraordinary remedy," and it is "well-settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). "A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority." *Rollins v. N.Y. State Div. of Parole*, 2007 U.S. Dist. LEXIS 11218, at *4 (E.D.N.Y. Feb. 16, 2007).

Plaintiffs argue reconsideration is justified because the Court "overlook[ed]" interrogatory responses Plaintiff Middleton provided to T-Mobile during the discovery period authorized by the Court. (Mot. 4.) The Court did not "overlook" this information—it was never presented to the Court. The interrogatory responses were submitted for the first time in a new declaration accompanying the Motion in violation of Local Rule 6.3, which prohibits the filing of affiavits in support of requests for reconsideration unless "directed by the Court." These newly submitted discovery responses cannot form the basis for "reconsideration" at all. *See Rollins*, 2007 U.S. Dist. LEXIS 11218, at *4; *Joseph v. Beth Isr. Med. Ctr.*, 2015 U.S. 2015 WL 851987, at *3 (E.D.N.Y. Feb. 26, 2015).

The interrogatory responses also do not move the needle on any disputed issue. The self-serving responses state that Mr. Middleton "has no record" of agreeing to some of the 16 independent arbitration agreements bearing Mr. Middleton's signature. (ECF No. 31 at 2-3.) It then states how the agreements were presented to Mr. Middleton on 3" x 6" customer displays. (*Id.*) These responses add nothing new to the *three* substantive declarations submitted by Mr. Middleton in support of Plaintiffs' three briefs challenging assent. (ECF Nos. 21-1, 30-1, 32-1.) Mr. Middleton's declarations and 40 pages of briefing already stated his position that he disputed receiving some agreements and that he could not review the full terms on the 3" x 6" display. (ECF No. 32 at 2-3; ECF No. 30 at 2-3; ECF No. 21 at 19-21.) T-Mobile's submissions

3

addressed those contentions.  (ECF No. 31 at 6-9; ECF No. 22 at 2-4.)  The Order considered Mr. Middleton's arguments (Order 7-13) and ultimately determined based on the mountain of submissions that "there is no doubt that Middleton signed the alleged purchase receipts, and that a reasonable person would understand his doing so as assent" (*id.* at 7).

Plaintiffs identify no other factual matter or legal authority that the Court purportedly did not consider.  The rest of the Motion merely rehashes the same arguments previously rejected by the Court.  (Mot. 4-5.)  The Court considered in detail Mr. Middleton's contentions that he (1) did not take "special affirmative action, such as clicking a checkbox" (*see* Order 7); (2) did not have an opportunity to "opt out" (*see id.* at 10); or (3) did not have "actual or constructive notice" of the T&Cs (*see id.* at 8).  The 19-page Order painstakingly addressed Plaintiffs' arguments and found them unavailing despite drawing all reasonable inferences in Plaintiffs' favor.  (Order 9, 11.)  The Court should reject Plaintiffs' attempt to relitigate settled issues.

### III.   CONCLUSION

The Motion should be denied because it is untimely, seeks reconsideration based on evidence Plaintiffs did not previously submit to the Court, and fails to identify clear error or manifest injustice in the Court's ruling compelling arbitration.

Dated: Los Angeles, California
        October 6, 2022

                                    Respectfully submitted,

                                    DAVIS WRIGHT TREMAINE LLP

                                    By: s/ James H. Moon

                                        John M. Magliery
                                        DAVIS WRIGHT TREMAINE LLP
                                        1251 Avenue of the Americas, 21st Floor
                                        New York, NY 10020-1104
                                        Tel:  (212) 489-8230
                                        Fax:  (212) 489-8340

5

        Stephen M. Rummage (*pro hac vice*)
        Rose McCarty (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        920 Fifth Avenue, Suite 3300
        Seattle, WA 98104
        Tel:  (206) 757-8136
        Fax:  (206) 757-7700

        James H. Moon (*pro hac vice*)
        DAVIS WRIGHT TREMAINE LLP
        865 South Figueroa Street, Suite 2400
        Los Angeles, CA 90017
        Tel:  (213) 633-6819
        Fax:  (213) 633-6899

        *Attorneys for Defendant T-Mobile US, Inc.*