UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINALD MIDDLETON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, Inc.<br><br>Defendant. | Case No. 1:20-cv-03276-NGG-JRC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

<u>**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**</u>

**I.   INTRODUCTION**

Defendant T-Mobile US, Inc. ("the Defendant") submitted its Memorandum in Opposition to Plaintiff's Motion for Reconsideration ("the Opposition") on October 6, 2022 (ECF No. 37), whose arguments are inconsistent with the facts and law. Therefore, Plaintiff respectfully requests Court to grant Plaintiff's Motion for Reconsideration ("the Motion", ECF No. 36).

**II.   ARGUMENTS**

**A.   Plaintiff's Motion was Timely Filed.**

Plaintiff filed the Motion under Federal Rule of Civil Procedure 59(e) and 54(b) to alter or amend a judgment that the Court entered in its Order to Compel Arbitration ("the Order", ECF No. 35). Defendant argues that there is no judgment to alter or amend. (ECF No. 36, p.2.) Such argument is incorrect. By granting Defendant's motion to compel arbitration, the Court in fact entered the final judgment as to the formation of the arbitration agreement, determining that Plaintiff was on notice of Defendant's arbitration terms and assented to them. *See* ECF No. 35, p. 17. Such determination directly concerns Plaintiff's rights in his freedom of contract and his rights

to litigate in court. Therefore, the order falls within the collateral order doctrine, making the Court's Order a final, appealable decision. *See* F.R.C.P. Rule 54(b); *Germano v. Dzurenda*, 455 F. App'x 58, 60 (2d Cir. 2012). Plaintiff believes that in making such judgment, the Court overlooked or ignored critical facts that the judgment made in the Court's Order should be altered or amended. Therefore, the Plaintiff's Motion was properly filed under F.R.C.P. 59(e) and 54(b).

Under F.R.C.P. 59(e), a motion to alter or amend a judgment should be filed within 28 days after entry of judgment. However, when a motion for reconsideration under Rule 59(e) is filed after the time limit, such motion is treated as a Rule 60(b) motion, which does not have a time limit. *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991). Similarly, Rule 54(b) does not identify any time limit in filing motions under the rule. Therefore, Plaintiff's Motion was timely filed.

### B. Plaintiff Provided Sound Grounds for Reconsideration.

As explained in more detail in the Motion, the Court made a mistake in determining that the arbitration agreement existed between the Plaintiff and the Defendant. Court reached this conclusion by stating that "Middleton's affidavit does not deny signing any of these receipts[.]" (ECF No. 35, p. 17) Court also noted that "Middleton has never claimed that he was unaware that his transactions with T-Mobile carried terms and conditions. . . . And he has failed to allege those facts even though the court specifically directed the parties to engage in limited discovery to establish [such facts]." (*Id.* pp. 8-9) However, Plaintiff's statements in the Motion and in his earlier Response to Defendant's Interrogatories point to the opposite. During the limited discovery that Court so ordered on September 23, 2021 (ECF No. 24), Plaintiff clearly denied signing any receipt proffered by Defendant in his Response to Defendant's Interrogatories (see Ex. 1). In such Response, Plaintiff stated that he "has no record of signing or otherwise indicating agreement to abide by the terms reflected in the above identified alleged receipts." (*Id.* at p. 3.) This fact is so

critical to the issue before the Court that shall not be overlooked. In *Rollins v. N.Y. State Div. of Parole*, the Plaintiff submitted new factual statements in support of his Motion for Reconsideration. 2007 U.S. Dist. LEXIS 11218, at *4 (E.D.N.Y. Feb. 16, 2007). The Court considered the factual matters despite that they were not presented before the Court when it entered its order. *Id.* In this case, the Court should consider Plaintiff's Response to Defendant's Interrogatories because it was produced long before Court entered its Order, and that it concerns the most critical issue as to Plaintiff's assent to the arbitration agreement.

Furthermore, in considering Defendant's motion to compel arbitration, the Court should "draw[] all reasonable inferences in favor of the non-moving party." *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 281 (2d Cir. 2019). As recognized by the Court in its Order, the arbitration agreement provided by the Defendant in this case are closer to a "browerwrap agreement," and no arbitration agreement shall be upheld unless the Plaintiff had actual or constructive notice of the conditions. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 836 (S.D.N.Y. 2012). However, neither of the notice is present in this case. Without any notice, Plaintiff could not have given valid assent to any agreement either. Therefore, the Court made a mistake in compelling arbitration. Upon reconsideration of the factual matters and Plaintiff's denial of notice and assent, the action would require a different result. *See Morales v. Quintiles Transnational Corp.*, 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998).

As the existence of both notice and assent of the arbitration agreement is at issue, and the current evidence provided cannot resolve the dispute, there remains a question of fact that is to be decided by a jury. Therefore, the Defendant's motion to compel arbitration should be denied.

### III.     CONCLUSION

For the reasons presented above, Plaintiff respectfully requests that the Plaintiff's Motion for Reconsideration be GRANTED.

By:     /s/Carl I. Brundidge

Carl I. Brundidge (*pro hac*)
David E. Moore (*pro hac*)

**BRUNDIDGE & STANGER, P.C.** 1925 Ballenger Avenue, Suite 560 Alexandria, VA 22314 703-684-1470 (Office) 703-684-1470 (Fax)
david.moore@brundidge-stanger.com
cbrundidge@brundidge-stanger.com

*Attorneys for Plaintiff Reginald Middleton*